IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUSTIN DEAN BEALL,

          Plaintiff,

vs.

DOUGLAS COUNTY JAIL,

          Defendant.

8:22CV201

MEMORANDUM AND ORDER

      This matter is before the Court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

      On June 21, 2022, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $5.00 within 30 days. *See* Filing No. 7. To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the Court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

      If Plaintiff's failure to pay by the Court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the Court will be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court

abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

Plaintiff has also filed a motion requesting the appointment of counsel. Filing No. 8. The Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. Plaintiff's motion requesting the appointment of counsel, Filing No. 8, is denied without prejudice to reassertion.

3. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **September 21, 2022**: check for response to show cause order.

Dated this 22nd day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge